UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>JAMES EDWARD LONGSHORE<br>CELESTINE CURRY LONGSHORE,<br><br>Debtors. | Case No.: 3:10-bk-02794<br><br>Chapter 11 |

**DEBTORS' APPLICATION, PURSUANT TO 11 U.S.C. § 327(a) AND FED.R.BANKR. P. 2014 AND 2016, FOR APPROVAL OF EMPLOYMENT OF THE LAW OFFICES OF PARKER & DUFRESNE, P.A. AS COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE AND FOR <u>APPROVAL OF EARNED ON RECIEPT RETAINER</u>**

James Edward Longshore and Celestine Curry Longshore, husband and wife, (the "Debtors"), pursuant to 11 U.S.C. §327(a), Fed.R.Bankr.P. 2014(a) and 2016, file this, their *Application for Approval of Employment of the Law Offices of Parker & DuFresne, P.A.* ("Parker & DuFresne") *as Counsel for the Debtors Nunc Pro Tunc to the Petition Date and Approval of the Earned on Receipt Retainer* (the "Application"), seeking approval of the Debtors' employment of Parker & DuFresne to represent the Debtors as general counsel in this Chapter 11 bankruptcy case, and as support therefore, says:

### <u>Jurisdiction</u>

1.  This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding. 28 U.S.C. § 157(b)(2)(A).

### <u>Background</u>

2.  On the date hereof (the "Petition Date"), the Debtors commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.  The Debtors are managing their affairs as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

## Relief Requested and Basis Therefore

4. The Debtors believe that it is in the best interest of the estate to retain Parker & DuFresne as its general counsel in this Chapter 11 bankruptcy case.

5. The Debtors believe that the attorneys of Parker & DuFresne are qualified to practice before this Court and are well qualified to advise the Debtors on its relations with, and responsibilities to, the creditors and other interested parties.

6. The professional services that Parker & DuFresne will render include, but are not limited to, the following:

    a. To give advice to the Debtors with respect to its powers and duties as debtors-in-possession;

    b. To advise the Debtors with respect to their responsibilities in complying with the US Trustee's Operating Guidelines and Reporting Requirements and with the Local Rules of this Court;

    c. To prepare motions, pleadings, orders, applications, disclosures statements, plans of reorganization, commence adversary proceedings, and prepare other such legal documents necessary in the administration of this case;

    d. To protect the interest of the Debtors in all matters pending before the Court; and

    e. To represent the Debtors in negotiations with their creditors and in preparation of the disclosure statement and plan of reorganization;

## Authority for Relief

7. Debtors-in-possession, with Court approval, are permitted to employ one or more attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C.§327(a).

8. To the best of the Debtors' knowledge, except as disclosed in the *Affidavit of Brett A. Mearkle in Support of Debtors' Application for Approval of Employment of Parker & DuFresne, P.A. as Counsel for the Debtors Nunc Pro Tunc to the Petition Date* ("Mearkle Affidavit"), Brett A. Mearkle, Esq. has no connection with the creditors or other parties in interest. As set forth in the Mearkle Affidavit, to the best of Brett Mearkle's knowledge, neither he nor do the attorneys of Parker & DuFresne represent any interests adverse to the Debtors.

9. Attached to this Application is the Mearkle Affidavit containing a verified statement as required under Rule 2014 of the Federal Rules of Bankruptcy Procedure demonstrating that under the circumstances giving rise to this Chapter 11 bankruptcy case, Mr. Mearkle and the attorneys of Parker & DuFresne are "disinterested" as required by Section 327(a) of the Bankruptcy Code.

10. Parker & DuFresne will apply for compensation and reimbursement of costs, pursuant to Sections 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on account of representing the Debtors in this Chapter 11 bankruptcy case.

11. Prior to the Petition Date, the Debtors and Parker & DuFresne agreed to a minimum fee for representation, subject to Court approval, in this Chapter 11 bankruptcy case (the "Retainer"). That Retainer is $5,000.

12. $5,000.00 has been paid, and Parker & DuFresne acknowledges receipt of the Retainer, and that $1,039.00 was paid on behalf of the Debtors for the required $1,039.00 filing fee required to commence this Chapter 11 bankruptcy case. The Debtors and Parker & DuFresne intended and agreed, when it entered into the retainer agreement ("Retainer Agreement"), that the Retainer is "earned on receipt," and will be handled in accordance with *In re Craig*, 265 B.R. 624 (Bankr. M.D. Fla. 2001).

[THIS SPACE INTENTIONALLY LEFT BLANK]

### Notice

13. Notice of this Application has been provided to the Orlando Division of the US Trustee through the CM/ECF bankruptcy filing system. The Debtors submit that, in light of the relief requested, no other or further notice need be given.

**WHEREFORE,** the Debtors respectfully request the entry of an order approving the Debtors' employment of Parker & DuFresne as general counsel to the Debtors in this Chapter 11 bankruptcy case *nunc pro tunc* to the Petition Date and the Retainer as earned-on-receipt pursuant to the terms set forth herein, and granting the Debtors such other and further relief as this Court deems just and proper.

_____              _____
James Edward Longshore                        Celestine Curry Longshore

PARKER & DUFRESNE, P.A.

Submitted By: */s/ Brett A. Mearkle*
Brett A. Mearkle
Florida Bar No. 644706
8777 San Jose Blvd., Suite 301
Jacksonville, Florida 32217
(904) 733-7766
(904) 733-2919 facsimile
bmearkle@jaxlawcenter.com
*Proposed Counsel for the Debtors*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished electronically to the U.S. Trustee via the CM/ECF system on March 29, 2010 in accordance with Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

*/s/ Brett A. Mearkle*
Brett A. Mearkle

5